CARL FLUCKS, Appellant, v. ST. LOUIS, IRON MOUNTAIN & SOUTHERN RAILWAY COMPANY, Respondent.

St. Louis Court of Appeals, November 2, 1909.

1. CARRIERS OF PASSENGERS: Railroads: Personal Injuries: Contributory Negligence: Passenger not Presumed to be Negligent. A passenger on a railway train, who, while standing up in the coach endeavoring to place his hat in a rack, was injured by being thrown across a seat, caused by the train giving a sudden lurch by reason of its striking a curve while running forty or fifty miles per hour, was not guilty of contributory negligence as a matter of law in rising and leaning forward and upward while the train was running at such speed.

2. ————: ————: ————: Negligence: Duty of Carrier to Avoid Unnecessary Lurches. It is the duty of a railroad company to operate its passenger trains so as to avoid unnecessary jars and lurches that may injure passengers while moving about in a coach.

3. ————: ————: ————: ————: Instructions: Assuming Act to be Negligent Error. A passenger on a railway train, who, while standing up in the coach endeavoring to place his hat in a rack, was injured by being thrown across a seat, caused by the train giving a sudden lurch by reason of its striking a curve while running forty or fifty miles per hour. In an action by him for damages for such injuries, an instruction which directed a verdict for him if the jury found, among other things, "that said lurch was directly caused by the carelessness and negligence of defendant's servants in running into and around a sharp curve at an unusually high rate of speed," is erroneous as assuming that running at an unusual speed was necessarily careless conduct.

143 App—2

4. INSTRUCTIONS: Erroneous Instruction not Cured by Another which Presents Correct Theory. An instruction presenting a theory of the case radically wrong is not cured by others which present the right theory.

Appeal from St. Louis City Circuit Court.—*Hon. Matt G. Reynolds,* Judge.

AFFIRMED AND REMANDED.

*Joseph A. Wright* and *James T. Cutler* for appellant.

(1) Plaintiff pleaded and proved a case of negligence for the jury. 2 Hutchinson on Carriers (3 Ed.), sec. 924; Wise v. Railroad, 135 Mo. App. 230, 115 S. W. 452; Briscoe v. Railroad, 222 Mo. 104, 120 S. W. 1162; Price v. Railroad, 220 Mo. 435, 119 S. W. 932; Moorman v. Railroad, 105 Mo. App. 711; Holland v. Railroad, 105 Mo. App. 117; Gidionsen v. Railroad, 129 Mo. 392; Burr v. Railroad, 64 N. J. Law 30; Field v. Railroad, 69 N. J. Law 433; Farnon v. Railroad, 180 Mass. 212; Railroad v. Bell, 93 Tex. 632; Railroad v. Pollard, 22 Wall. 341; Lynn v. Railroad, 103 Cal. 7, 24 L. R. A. 710. (2) Plaintiff should not be held guilty of contributory negligence as a matter of law; that question the court upon proper instructions submitted to the jury. 3 Hutchinson on Carriers (3 Ed.), sec. 1216; 1 Fetter on Carriers, par. 165, p. 420; 2 Wood on Railway Law, sec. 309, p. 1333; Holland v. Railroad, 105 Mo. App. 117; Coudy v. Railroad, 85 Mo. 79; Burr v. Railroad, 64 N. J. Law 30; Moore v. Railroad, 119 Mich. 613; Barden v. Railroad, 121 Mass. 426; Sturdivant v. Railroad (Tex.), 27 S. W. 170; Romine v. Railroad, 24 Ind. App. 230. (3) The law as stated in the authorities cited under Points and Authorities, I. and II., supra, was embodied in the first instruction, and the court erred in granting defendant a new trial. Saxton v. Railroad, 98 Mo. App. 494; Vaughn v. Traction Co., 139 Mo. App. 91, 120 S. W. 683; Bartley v. Railroad, 130 Mo.

124; Hite v. Railroad, 130 Mo. 132; Burr v. Railroad, 64 N. J. Law 30; Fitch v. Mason City, 124 Iowa 665; Railroad v. Adams, 192 U. S. 440. (4) The granting of a new trial for alleged errors of law should not be sustained on the grounds of judicial discretion. Loftus v. Railroad, 220 Mo. 470, 119 S. W. 942. (5) If the court erred in granting a new trial, the judgment should be reinstated as of March 17, 1908, the date of original entry. Deschner v. Railroad, 200 Mo. 310; Loftus v. Railroad, 220 Mo. 470, 119 S. W. 942.

*Martin L. Clardy* and *Henry G. Herbel* for respondent.

(1) As appellant's abstract of the record does not show that a certified copy of the order sustaining respondent's motion for a new trial, and the order granting the appeal were ever filed in this court, the appeal should be dismissed. Wagon Co. v. Cornell, 131 Mo. App. 345. (2) The court did not err in sustaining respondent's motion for a new trial on the ground stated in its order. Railroad v. Byrd et al., 42 So. 288; Railroad v. Newmeyer, 28 N. E. 862; Flynn v. Bridge Co., 42 Mo. App. 536; Sullivan v. Railroad, 88 Mo. 182; Implement Co. v. Richey, 143 Mo. 612; Shepherd v. Transit Co., 87 S. W. 1010; Toncrey v. Railroad, 107 S. W. 1091. (3) If the action of the trial court in sustaining the motion for a new trial is sustainable on any other ground than that stated in the order, its action will be affirmed by this court. Emmons v. Quade, 176 Mo. 22; Hewitt v. Steele, 108 Mo. 473; Morrison v. Roach, 104 Mo. App. 637; Morelock v. Railroad, 112 Mo. App. 644. (4) The action of the trial court in sustaining respondent's motion for a new trial is sustainable on other grounds. Adams v. Railroad, 74 Mo. 556; Scovill v. Glassner, 79 Mo. 455; Lockhart v. State, 111 S. W. 1027; Ables v. Ackley; 126 Mo. App. 87; Canterbury v. Kansas City, 130 Mo. App. 4; Sharp v. Odum,

121 Mo. App. 566; Railroad v. Barger, 12 S. W. 156; Rider v. Railroad, 14 Mo. App. 533; Railroad v. Smith, 84 S. W. 853; Lowry v. Railroad, 40 Mo. App. 557; Railroad v. Taliaferro, 89 S. W. 1120; Elcox v. Hill, 98 U. S. 224; Heddles v. Railroad, 42 N. W. 241; Morelock v. Railroad, 112 Mo. App. 644; Railroad v. Physioc, 92 S. W. 305; Foley v. Railroad, 79 N. E. 765; Hawk v. Railroad, 108 S. W. 1121; Sansom v. Railroad, 111 Fed. 890; Ozanne v. Railroad, 151 Fed. 902; Wait v. Railroad, 165 Mo. 623; Dougherty v. Railroad, 36 So. 699; Hite v. Railroad, 130 Mo. 139; Hedrick v. Railroad, 195 Mo. 121; Harris v. Railroad, 89 Mo. 233; DeBolt v. Railroad, 123 Mo. 507; Martin v. Railroad, 119 S. W. 444; Young v. Railroad, 84 S. W. 175; Krum v. Railroad, 76 S. W. 1075. As appellant did not file a complete transcript of the evidence, this court will presume that the trial court's action in sustaining respondent's motion for a new trial was correct. Mfg. Co. v. Roach, 104 Mo. App. 637; Moore v. Harmes, 123 Mo. App. 35; Plumbing Co. v. Brewing Co., 126 Mo. App. 270.

GOODE, J.—This appeal was taken from an order allowing defendant a new trial on the ground of error in the first instruction granted for plaintiff. Before reciting the instruction a summary of the facts of the case and a statement of the averments on which plaintiff sought to recover ought to be given. Plaintiff took passage on one of defendant's trains on December 5, 1905, at 8:30 p. m., at Union Station, in St. Louis, to go to Little Rock, Arkansas, and then to Morrillton, in the same State. The train was a fast one, known as the "Cannon Ball." It left the station on time, ran southward toward Carondelet, where, about thirty minutes after its departure, plaintiff was hurt by being thrown across the arm of a seat as he was placing his hat in an overhead rack. When he entered the coach he found all the seats taken except a chair at the rear

end and next to the aisle. The adjacent chair by the window was occupied by a gentleman named Denny, with whom plaintiff fell into conversation, not attempting, at first, to deposit his hat in the rack. As said, he did this about half an hour after leaving Union Station, rising to his feet, and leaning over Mr. Denny toward the side of the coach for the purpose. His first attempt to lodge the hat in the rack failed in consequence of there being some other articles in the rack which left little room for the hat. He attempted a second time to place it there, reached upward and while in the act of depositing it, the train ran around a curve at a speed estimated by plaintiff and Denny to have been forty or fifty miles an hour; whereupon the train gave a lurch, throwing plaintiff first to the right and then to the left, so that he fell across the arm of the chair on the opposite side of the car and was hurt. He continued on his journey, suffering considerable pain, and there was evidence to prove one or two ribs were broken; evidence, too, which tends to prove a speed of forty or forty-five miles an hour where the accident happened, would have been too high for safety and would have caused the train to lurch considerably. The speed allowed at the curve where plaintiff testified the accident happened, that is, Ivory curve, near Ivory avenue, was twenty miles an hour. It is the contention of defendant, and perhaps there is some evidence to support it, that another curve north of Ivory avenue was where the accident happened, but this seems to have been an immaterial fact. The testimony showed the particular curve was constructed for high speed; that is, so that trains might be operated around it at high speed. The negligence averred in the petition is, the car was caused to give a sudden, violent, unusual, extraordinary, and, to plaintiff, unexpected lurch, through the carelessness and negligence of defendant's agents and servants in charge of and operating the train, in running the same into and around the curve

at a high and excessive rate of speed. It was further averred that by reason of the lurch of the car, plaintiff was thrown across the aisle and against the arm of the seat on the opposite side with great force and violence, rendering plaintiff unconscious and breaking and injuring five of his ribs. The first instruction given for plaintiff, for error in which the court granted a new trial, reads as follows:

"The court instructs the jury that if they find and believe from the evidence that plaintiff was a passenger on one of defendant's passenger trains leaving St. Louis, Missouri, on the evening of December 5, 1905, and that he was riding in a chair car used by defendant for conveying passengers, and that in said car defendant had provided racks above the seats to be used by passengers and that defendant invited its passengers in said car to use said racks for placing therein their hats and small packages, and if the jury further find and believe from the evidence that after plaintiff had been accepted as a passenger, and after said train had run a short distance from Union Station, St. Louis, Missouri, plaintiff arose from his seat in said car for the purpose of placing his hat in one of said racks, and when standing and in the act of placing his hat in said rack, the car gave a sudden, violent, unusual, extraordinary lurch, causing plaintiff to be thrown across the aisle and against the arm of a seat with great force and violence, thereby injuring him, and that said lurch was directly caused by the carelessness and negligence of defendant's agents and servants operating said train in running it into and around a sharp curve at an unusually high rate of speed at said place, and the plaintiff was in the exercise of ordinary care for his own safety, then your verdict will be for the plaintiff."

One defense was, plaintiff was guilty of contributory negligence in rising and leaning forward and upward while the train was running at a high speed. The argument has been pressed on us that plaintiff ought to

be held to have been guilty of contributory negligence
as a legal conclusion, in view of his own testimony.
We do not take this view of the case. The rack was
placed in the car for passengers to deposit articles in,
and there was no presumption of want of due care in
plaintiff because he rose while the train was running
rapidly, to put his hat in the rack. It is the duty of
railroad companies to operate their passenger trains
so as to avoid unnecessary jars and lurches that may
injure passengers while moving about in a coach. The
issue of plaintiff's negligence was, at most, one for the
jury.

The objection to the quoted instruction, in our opin-
ion, is that it assumes the operation of the train around
the curve "at an unusually high rate of speed," was
negligence. It will be perceived on reading the instruc-
tion, the court did not leave it to the jury to say whether
the speed with which the train ran into and around
the curve was a dangerous rate, but this was the essen-
tial fact to be found. Ordinarily the train might have
run around the curve at ten or twelve miles an hour,
so that running at fifteen or twenty miles an hour
would have been unusual speed, though safe. Now the
latter part of the instruction allowed a verdict if the
jury found, among other things, "that said lurch was
directly caused by the carelessness and negligence of
defendant's agents and servants in running into and
around a sharp curve at an unusually high rate of
speed." Defendant's servants were not negligent if
they ran around the curve at a higher speed than was
usual, provided they kept within the margin of safety;
and they were negligent if they ran only at the usual
rate provided it was an unsafe one. The instruction
begs the very point at issue in assuming that running
at an unusual speed was necessarily careless conduct.
This instruction presented a theory of the entire case
that was radically wrong, and the error could not be
cured by other instructions presenting a right theory.

[Sullivan v. Railroad, 88 Mo. 182; Mansur-Tebbets Imp. Co. v. Ritchey, 143 Mo. 612.] Therefore the court did right in ordering a new trial, which order is affirmed and the cause remanded. All concur.